NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Jane DOE 3, | : |
| Plaintiff, | : Civil No. 17-13793 (RBK/JS) |
| v. | : |
| | : **OPINION** |
| THE BOARD OF EDUCATION OF THE VOCATIONAL-TECHNICAL SCHOOL DISTRICT IN THE COUNTY OF GLOUCESTER; GLOUCESTER COUNTY INSTITUTE OF TECHNOLOGY and Adam MAYR | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion to dismiss of Gloucester County Institute of Technology ("GCIT") and the Board of Education of the Vocational Technical School District in The County of Gloucester ("the Board"). (Doc. No. 7.) Plaintiff alleges that Adam Mayr, in his role as teacher at Gloucester County Institute of Technology, sexually harassed students over a period of several years before being arrested on March 13, 2015. Plaintiff alleges that said harassment was made possible due to GCIT and the Board's negligent supervision of its employees. She further claims that GCIT and the Board were knowingly and deliberately indifferent to Mayr's actions in violation of Title IX. For the reasons set forth below, GCIT and the Board's Motion to Dismiss is **GRANTED IN PART** as to Count Two and the intentional and reckless conduct claims in Count Four, and **DENIED IN PART** as to Count Four's negligence claim.

1

## I. BACKGROUND

This case is about a teacher that used a hidden camera to film sexually explicit videos of his high school students. (Compl. at 3.) GCIT is a technical high school that receives federal funding. (*Id.* at 2.) The Board oversees the school's hiring practices and supervision policies. (*Id.*) In 2002, GCIT hired Adam Mayer as a teacher and coach. (*Id.*) Mayr was employed and supervised by GCIT and the Board from 2002 through March 13, 2015, when he was arrested and charged with numerous crimes for videotaping and photographing female students without their knowledge. (*Id*. at 2–3.) Among these students is Plaintiff, who was Mayr's student at various times between 2008 and 2015. (*Id.* at 2.)

Mayr's conduct allegedly went beyond hidden videos and rose to the level of overt harassment. Such harassment allegedly included touching female students, degrading them verbally, and suggesting that females would receive preferential treatment if they acquiesced to his harassment. (Compl. at 4–5.) Each of the instances occurred on GCIT's campus. (*Id.*) Mayr not only conducted himself without reprimand from the Board, he used GCIT's computers, computer networks, and equipment to use and store his sexually explicit videos. (*Id.*) Plaintiff believes that had GCIT and the Board implemented proper hiring procedures, proper supervision policies, and adequately monitored their computer networks, Mayr would have been prevented from sexually harassing his students. (*Id.* at 8–10.)

It is thus alleged that as a result of the school's failures to supervise its employees, coupled with Mayr's alarming actions, Plaintiff underwent great shame and embarrassment, mental anguish, emotional distress, physical distress, anxiety, and mental impairment. (Compl. at 11.) As a result of these injuries, Plaintiff claims she has incurred, and will continue to incur, expenses for medical, therapeutic, and psychological treatment. (*Id.*)

The Board and GCIT now move to dismiss Count Two and Count Four of the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7.)

## II. LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12 (b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must take note of the elements the plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, when there are well-pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

## III. JURISDICTION

Plaintiff brought this action alleging Title IX Gender Discrimination pursuant to 20 U.S.C. §§ 1681-1687. This matter therefore comes before the Court through its federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's additional claims are before the Court pursuant to 28 U.S.C. § 1367.

## IV. DISCUSSION

### A. Title IX Claim

Employer liability in Title IX claims is limited. Damages may not be recovered under Title IX "for the sexual harassment of a student by one of the district's teachers . . . unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998). An "appropriate person" is "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the . . . [district's] behalf." *Id.* at 290. "Actual notice" must amount to "actual knowledge of discrimination in the recipient's programs." *Id.* Further, "the response must amount to deliberate indifference to discrimination . . . The premise, in other words, is an official decision by the recipient not to remedy the violation." *Id.*

In this case, Plaintiff has failed to adequately plead Title IX violations on behalf of GCIT and the Board. While Plaintiff adequately pleads that GCIT receives federal funding, and that Mayr committed acts of sexual harassment, her complaint fails to make factual assertions that GCIT and the Board had actual knowledge that Mayr was harassing students. Rather, Plaintiff's allegations regarding GCIT's knowledge of Mayr's actions amount to the following:

> Upon information and belief, GCIT supervisory staff and the Board, both of whom had the authority to stop Mayr's conduct, knew or should have known that Mayr was engaged in a pattern of conduct that constituted systematic and pervasive sexual harassment; *quid pro quo* sexual harassment, and inappropriate conduct with female students and/or athletes before, during, and after the beginning of the 2008-2009 school year.

(Compl. at ¶ 30.) This threadbare complaint merely alleges the Board knew or should have known about Mayr's harassment. It fails to set forth a single fact alleging that GCIT and the Board had actual knowledge of, let alone were deliberately indifferent to, Mayr's conduct. Such

conclusory allegations without a factual basis behind them are insufficient under *Twombly*. Count Two thus fails to survive a 12(b)(6) motion to dismiss.

## B. "Negligence, Reckless, or Intentional Conduct"

The Torts Claims Act ("TCA") governs tort claims against public entities of the State of New Jersey. Pursuant to N.J. Stat. Ann. § 59:2-1, a public entity is immune from tort claims unless another provision of the Act provides for liability. Such liability arises where an injury is proximately caused by an act or omission of a public employee within the scope of his employment. N.J. Stat. Ann. § 59:2-10. Thus, because the Board and GCIT's supervision of Mayr was in the scope of their employment, and because Plaintiff alleges that her injuries were proximately caused by GCIT and the Board's failure to act, liability for GCIT and the Board is permissible under the TCA. *Frugis v. Bracigliano*, 177 N.J. 259, 280 (2003) (holding that the TCA does not provide immunity for an education board that negligently supervises its employees); *see also Pucca v. City of Long Beach*, No. 12-4640, 2015 WL 1346170, at *6 (D.N.J. Mar. 25, 2015) ("[I]t is well-established that the immunity does not apply once a public employee does undertake supervision and that such supervision, once undertaken, is to be conducted in a non-negligent manner"). Thus, if Plaintiff has adequately alleged negligent supervision on behalf of GCIT and the Board, the TCA does not immunize their actions.

Though not entirely clear from the complaint, this Court will construe Count Four as a claim of negligent supervision. In order to succeed on a claim of negligent hiring or negligent supervision, Plaintiff must prove: (1) the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons, and (2) the employer's negligence in hiring or supervising the employee resulted in the dangerous attribute proximately

5

causing Plaintiff's injury. *Di Cosala v. Kay*, 91 N.J. 159, 173–74 (1982); *Smith v. Harrah's Casino Resort of Atlantic City*, No. A-0855-12T2, 2013 WL 6508406, at *3 (N.J. Super. Ct. App. Div. Dec. 13, 2013).

"[A] board of education must take reasonable measures to assure that the teachers and administrators who stand as surrogate parents during the day are educating, not endangering, and protecting, not exploiting, vulnerable children." *Frugis*, 177 N.J. at 268. In *Frugis*, a school principal placed a paper picture over his window to prevent other administrators from peering into his office, where he was forcing elementary school students to pose seductively for photographs. *Id.* at 257. Even after a routine inspection by the state resulted in an order to remove this paper, the principal kept it in the window. Rather than enforce the state policy, the other school administrators did nothing, despite harboring suspicions about the secrecy of the covered window. Ultimately, in response to the school board's inaction, the New Jersey Supreme Court entered a directed verdict for negligent supervision, showing that a school board may be held liable where it fails to take reasonable steps to protect its students from sexual harassment. *Id.* at 270.

Plaintiff states a claim of negligent supervision against the Board and GCIT. She alleges that the Board and GCIT negligently failed to adequately monitor its computer and computer networks, and failed to implement the requisite policies to prevent sexual harassment on its campus. Had such policies been implemented, the Board and GCIT would have known of, and prevented, Plaintiff's abuses at an earlier stage. By failing to implement the proper policies to prevent abuse, GCIT and the Board are alleged to have directly and proximately caused Plaintiff to suffer emotional distress and physical distress, forcing her to undergo expenses for medical, therapeutic, and psychological treatment. Plaintiff thus adequately pleads that GCIT and the

6

Board's unjustified failure to identify Mayr's unfitness proximately caused her injuries. This satisfies the elements of negligent supervision, and Count Four therefore survives a 12(b)(6) motion to dismiss.

There remains the question of the other "claims" in Count Four. Because intentional and reckless conduct are elements of a claim, and not causes of action in their own rights, Plaintiff's claims of intentional and reckless conduct fail to state claims upon which relief can be granted. Moreover, Plaintiff does not contend the Board and GCIT should be liable for intentional or reckless conduct in her brief, and does not put forth evidence of willful or reckless conduct on the part of GCIT and the Board. To the extent they are cognizable, Count Four's claims of reckless and intentional conduct are dismissed without prejudice.

## V. LEAVE TO AMEND

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Alleghney*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Indeed, even when "a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Because the Court finds that Plaintiff may be able to cure the pleading deficiencies identified above, the Court will grant Plaintiff another opportunity to seek leave to amend her complaint within fourteen days of the date of this Opinion and accompanying Order. Plaintiff must provide the Court with factual allegations identifying the Board and GCIT's knowing and deliberate indifference in any proposed amended complaint, and must identify any intentional or

reckless conduct on behalf of the Board and GCIT, and relate that conduct to a cognizable cause of action.

## VI. CONCLUSION

For the reasons set forth above, GCIT and the Board's Motion to Dismiss is **GRANTED IN PART** as to Count Two, and as to Plaintiff's claims of intentional and reckless conduct in Count Four. An order follows.


Dated:   July 2, 2018                                     /s Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge