IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Jane DOE 3, | |
| Plaintiff, | Civil No. 17-13793 (RBK/JS) |
| v. | |
| THE BOARD OF EDUCATION OF THE VOCATIONAL-TECHNICAL SCHOOL DISTRICT IN THE COUNTY OF GLOUCESTER; GLOUCESTER COUNTY INSTITUTE OF TECHNOLOGY and Adam MAYR | **OPINION** |
| Defendants. | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon the motion for partial summary judgment of Gloucester County Institute of Technology ("GCIT") and the Board of Education of the Vocational Technical School District in The County of Gloucester ("the Board") (collectively "Defendants") seeking to dismiss Count Four of Plaintiff's Amended Complaint for failure to provide Notice of Tort Claim pursuant to N.J.S.A. 59:1–1, *et seq*. (Doc. No. 37.) Count Four claims that GCIT and the Board acted negligently in hiring and supervising Adam Mayr in his role as teacher at GCIT. Further, the Complaint alleges that Mayr sexually harassed students, including Plaintiff Jane Doe 3, over a period of several years before being arrested on March 13, 2015. Plaintiff opposes this motion for summary judgment and, alternatively, seeks leave to file a late notice of the Count Four negligence claim pursuant to N.J.S.A. 59:8–9. (Doc. No. 43).

For the reasons set forth below, GCIT and the Board's motion for partial summary judgment (Doc. No. 37) is **GRANTED** as to Count Four, and Plaintiff's cross motion to file a late claim (Doc. No. 43) is **DENIED**.

I.  BACKGROUND

The facts of this case have been previously discussed by the Court in its July 2, 2018 Opinion. *See Doe 3 v. Board of Education of Vocational-Technical School District in County of Gloucester*, 2018 WL 3218692 (D.N.J. July 2, 2018).

To briefly review, this case is about a teacher that used a hidden camera to film sexually explicit videos of his high school students at Gloucester County Institute of Technology ("GCIT"). Amended Complaint ("Compl.") [Doc. No. 3] at 3. GCIT is a technical high school that receives federal funding and is overseen by a Board of Education ("the Board"). *Id.* at 2. The Board oversees the school's hiring practices and supervision policies. *Id.*

In 2002, GCIT hired Adam Mayr as a teacher and coach. *Id.* He was employed and supervised by GCIT and the Board from 2002 through March 13, 2015, when he was arrested and charged with numerous crimes for videotaping and photographing female students without their knowledge. *Id.* at 2–3. Mayr's conduct allegedly went beyond hidden videos and rose to the level of overt harassment. Such harassment included the touching of female students, degrading them verbally, and suggesting that females would receive preferential treatment if they acquiesced to his harassment. *Id.* at 4–5. Each of the instances occurred on GCIT's campus. *Id.* Mayr not only conducted himself without reprimand from the Board, but he used GCIT's computers, computer networks, and equipment to use and store his sexually explicit videos. *Id.*

Plaintiff Jane Doe 3 filed the instant lawsuit against Defendants on January 12, 2018. Plaintiff alleges, among other things, that GCIT and the Board engaged in reckless, intentional, and negligent conduct (Count Four). *Id.* Defendants responded by answer and filed a motion to dismiss on February 27, 2018. Def. Motion to Dismiss (Doc. No. 7). The answer asserted various defenses, including Plaintiff's failure to satisfy the notice requirement of the New Jersey Tort Claims Act. Defs. Answer [Doc. No. 8] at 11. The Court granted Defendants' motion in part and dismissed claims of intentional and reckless misconduct. *See Doe 3*, 2018 WL 3218692. The Court, however, permitted Count Four to survive on a theory of negligent hiring and supervision. *Id.* The Court also permitted Plaintiff leave to amend the Complaint, "find[ing] that Plaintiff may be able to cure the pleading deficiencies identified . . ." *Id.* at *4. The Court further explained, "The Torts Claims Act ("TCA") governs tort claims against public entities of the State of New Jersey." *Id.* at *5.

GCIT and the Board now motion for partial summary judgment against Count Four, Plaintiff's remaining negligence claim. Defs.' Motion for Partial Summary Judgment ("Defs.' Motion") [Doc. No. 37]. Specifically, Defendants argue, as they asserted in their Answer, that Plaintiff has failed to timely serve a notice of claim pursuant to the New Jersey Tort Claims Act ("TCA"). *Id.* at 4 (citing N.J.S.A. 59:8–3). Because Jane Doe 3, Mayr's student between 2008 and 2015, was a minor at the time of the alleged misconduct, Plaintiff had ninety (90) days after reaching the age of majority, or until September 17, 2018, to file a notice of claim pursuant to the TCA. *Id.* (citing N.J.S.A. 59:8:8, *et seq.*) Defendants argue that Plaintiff failed to file the required claim and is therefore barred from bringing the Count Four negligence claims against GCIT and the Board. Defs.' Motion at 1.

Plaintiff makes four arguments in opposition to Defendants' motion. *See* Plaintiff's Brief in Opposition ("Pl.'s Opp. Br.") [Doc. No. 42]. First, Plaintiff's counsel claims that he issued notice. *Id.* Specifically, he submitted a March 2015 letter from GCIT's principle James H. Dundee, Jr. to GCIT Superintendent Michael C. Dicken. This letter detailed Mayr's misconduct toward "Student #1." *Id*. at Ex. B. Plaintiff's counsel also submitted his November 2017 letter to Defense counsel. This letter indicated that Plaintiff's counsel jointly represented Jane Doe 3 with another firm. *Id.* at Ex. C. Second, Plaintiff's counsel argues that he "substantially complied" with the TCA notice requirement because "the record, as a whole, shows that the letter and the spirit of the TCA notice requirements were met in this case." *Id*. at 7. For example, in addition to the above letters, he submitted TCA notices from two other Jane Doe plaintiffs. *Id.* at Ex. I. Plaintiff's counsel also contends he engaged in pre-suit negotiations. Pl. Opp. Br. at 7. Third, Plaintiff argues that Defendants are estopped from challenging TCA notice because "GCIT was in possession of all the information specified in N.J.S.A. 59:8–4." *Id.* at 8. For example, GCIT ran an investigation into Mayr, a County Prosecutor's Office initiated an investigation, various other victims came forward, and Mayr pled guilty. *Id.* at 1. Fourth, Plaintiff argues, if this Court finds notice was not provided, we should grant leave to file a late notice under the TCA.

The Court must therefore consider Plaintiff's arguments in light of the record and relevant precedent.

## II.   LEGAL STANDARD

### 1. Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex*, 477 U.S. at 322–23. A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 252. Even if the facts are undisputed, a disagreement over what inferences may be drawn from the facts precludes a grant of summary judgment. *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996). Further, "any unexplained gaps in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment." *Id.* (quoting *Ingersoll–Rand Financial Corp. v. Anderson*, 921 F.2d 497, 502 (3d Cir. 1990)) (internal quotations and alterations omitted).

The nonmoving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The court's role in deciding the merits of a summary judgment motion is to determine whether there is a genuine issue for trial, not to determine the credibility of the evidence or the truth of the matter. *Anderson*, 477 U.S. at 249.

### 2. The New Jersey Tort Claims Act

The New Jersey Tort Claims Act ("TCA") provides for limited circumstances under which a plaintiff may bring a tort claim against public entities and public employees. *See*

N.J.S.A. 59:1–1 *et seq*. Under the TCA, parties bringing suit against a public entity "must comply with strict requirements for notifying and suing [the] entities." *Feinberg v. State, DEP*, 137 N.J. 126, 134 (1994.)

Before filing a complaint, a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual and must file suit within two years after the claim's accrual. N.J.S.A. 59:8–8(a–b). If a plaintiff fails to file notice of his claim with the public entity within ninety days, the plaintiff may, at the court's discretion, be permitted to file notice at any time within one year after the claim's accrual so long as the delay has not substantially prejudiced the public entity or public employee. N.J.S.A. 59:8–9.

Under N.J.S.A. 59:8–4, a notice must contain the following:

(a) The name and post office address of the claimant;

(b) The post-office address to which the person presenting the claim desires notices to be sent;

(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

(d) A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;

(e) The name or names or the public entity, employee or employees causing the injury, damage or loss, if known; and

(f) The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

N.J.S.A. 59:8–4; *see Johnson v. Does*, 950 F. Supp. 632, 634 (D.N.J. 1997). Failure to timely provide a claim to the public entity may result in a claimant's claim being forever barred. Specifically, N.J.S.A. 59:8–8 states:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> (a) He failed to file his claim with the public entity within 90 days of accrual of his claim . . .

N.J.S.A. 59:8–8 (1994).

Notice to the public entity is a necessary condition precedent to file a complaint against the public entity. *See Beauchamp v. Amedio*, 751 A.2d 1047, 1053 (N.J. 2000). These specific notice requirements are meant to achieve several goals. They allow the public entity time to review the claim and to promptly investigate the facts and prepare a defense while the incident is fresh; provide the entity with an opportunity to settle meritorious claims before a lawsuit is filed; afford them an opportunity to correct the conditions which gave rise to the claim; and "inform the State in advance as to the indebtedness or liability that it may be expected to meet." *Velez v. City of Jersey City*, 850 A.2d 1238, 1242 (N.J. 2004) (quoting *Beauchamp*, 751 A.2d at 1053).

### III. DISCUSSION

There is no dispute here that the moving Defendants are qualifying entities under the TCA. As such, the Court must first consider whether Plaintiff has formally complied with the notice requirement. If not, the Court will then determine if Plaintiff substantially complied. If

Plaintiff fails again to show substantial compliance, the Court will consider the rare exception of equitable estoppel. Finally, and relatedly, the Court will evaluate Plaintiff's motion for leave to file a late notice.

### A. Whether Plaintiff provided TCA Notice

Plaintiff claims that the attached documents to the brief satisfy the requirements under N.J.S.A. 59:8–4. The Court carefully considers the attached documents below and concludes that *none* of them satisfy the requirements for notice under the TCA.

First, the Court considers Principle Dundee's March 19, 2015 letter to Superintendent Dicken. Pl.'s Opp. Br. at Ex. B. Plaintiff argues that Principal Dundee's confidential internal report of March 19, 2015 provided adequate notice because it included details of "Student #1's" allegations against Mayr.

The Court finds that Principle Dundee's report does not satisfy TCA notice. First, the report is submitted by a third party who does not indicate he is acting on behalf of the *Plaintiff* for a TCA claim. *See* N.J.S.A. 59:8–4 (explaining the Notice must be "presented by the claimant or by a person acting on his behalf"). Second, the Court finds the contents of the letter woefully short of the information required by the statute. Most obviously, the March 2015 letter does not identify the Plaintiff, include any of Plaintiff's legal claims against GCIT, or provide any indication of Plaintiff's damages. Instead, it appears to be little more than a third-party investigation report, which details general findings and impressions of purported misconduct. Even if the Court found such a letter included the information within N.J.S.A. 59:8–4, which it does not, New Jersey courts generally reject third-party reports from standing in as writings under this provision. *See Daniels v. Pemberton Township Water Department*, No. A-4440-11T4,

2013 WL 1316022, at *3 (N.J. Super. Ct. App. Div. Apr. 3, 2013) (rejecting a police report as sufficient TCA notice); *See also Barbieri v. Mayer*, No. A-0362-14T1, 2015 WL 9263849, at *3 (N.J. Super. Ct. App. Div. Dec. 21, 2015) (rejecting an insurance adjuster's report, and explaining the "awareness of that event alone does not fulfill the many other objectives of the TCA's notice provision"). The Court therefore rejects Plaintiff's argument that this letter satisfies the TCA notice requirement.

Second, the Court considers the TCA notices submitted by other students, namely Jane Doe 1 and 2. Pl.'s Opp. Br. at Ex. C. The notices allege that GCIT teacher Adam Mayer endangered the welfare and invaded the privacy of Jane Doe 1 and Jane Doe 2. Specifically, Mayer "secretly and inappropriately videotaped" them, and these students subsequently suffered psychological and emotional injuries. *Id.*

The Court finds that Jane Doe 1 and Jane Doe 2's notices do not satisfy TCA notice for Plaintiff Jane Doe 3. Most obviously, these attached notices do not mention Jane Doe 3, nor do they provide any of the other information required of this Plaintiff under the TCA. Further, this Court rejects Plaintiff's bootstrapping argument because it undercuts the TCA's clear policy of permitting a public entity time to review an individual's claims for settlement or to prepare a defense. *See Beauchamp*, 751 A.2d at 1053. In other words, the notices of Jane Doe 1 and Jane Doe 2 do not allow GCIT to consider whether to settle or defend a distinct claim brought by Jane Doe 3. The Court therefore rejects Plaintiff's argument that the notices of Jane Doe 1 and Jane Doe 2 satisfy the TCA notice requirement.

Third, the Court considers Plaintiff counsel's December 11, 2017 letter to Defense counsel. Pl.'s Opp. Br. at Ex. E. This letter, written by lead counsel for Plaintiff, states, "Please allow this letter to confirm that my firm and Mr. McKenna's firm, are jointly representing the

minor, 'Jane Doe'. . . with regard to *an incident that occurred* at the Gloucester County Institute of Technology." *Id.* (emphasis added).

This Court again finds that the attached December 11, 2017 letter does not satisfy the TCA notice requirement for Jane Doe 3. Again, the letter does not provide most of the required information under the statute. For example, the letter does not describe the "incident" or any injury, nor does it state whether Plaintiff is bringing a claim. Plaintiff also attaches email exchanges with defense counsel, which similarly fail to cure the deficiencies of the December 11, 2017 letter. Pl.'s Opp. Br. at Ex. F–H. These emails only appear to show that Plaintiff's counsel circulated, or attempted to circulate, a version of the complaint just weeks before filing the instant lawsuit before this Court on December 29, 2017. In addition, even if the Court found that one of these writings satisfies 59:8–4, which it does not, none of the documents appear to comply with 59:8–8, which requires Plaintiff to wait *six months* from providing notice before filing suit. The Court therefore rejects Plaintiff's argument that the December 11, 2017 letter satisfies the TCA notice requirement.

**B. Whether Plaintiff substantially complied with TCA Notice?**

Plaintiff next argues that Defendants "had all the information needed to satisfy most, if not all, of the elements required under N.J.S.A. 59:8–4 as of March 2015." Pl.'s Opp. Br. 10. In addition, Plaintiff argues that the December 11, 2017 letter confirmed the identity of the Plaintiff as "Student #1." *Id.* The Court therefore considers whether Plaintiff substantially complied with the TCA.

The equitable doctrine of substantial compliance prevents the barring of legitimate claims due to technical defects. *Lebron v. Sanchez*, 970 A.2d 399, 406 (N.J. Super. Ct. App. Div.

2009); *Henderson v. Herman*, 862 A.2d 1217, 1225 (N.J. Super. Ct. App. Div. 2004). The doctrine provides that technical notice defects will not defeat a valid claim as long as the notice that is given "substantially satisfies the purposes for which notices of claims are required." *Lebron*, 970 A.2d at 405–06 (quoting *Lameiro v. West New York Board of Education*, 347 A.2d 377, 379 (N.J. Super. Ct. Law Div. 1975)); *see also Johnson*, 950 F. Supp. at 635 (D.N.J. 1997). "Although the doctrine of substantial compliance has occasionally been applied in the tort claims context, it has been limited carefully to those situations in which the notice, although both *timely and in writing*, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." *D.D. v. University of Medicine & Dentistry of New Jersey*, 61 A.3d 906, 923 (N.J. 2013) (emphasis added).

To demonstrate substantial compliance with the notice-of-claim requirement, a plaintiff must demonstrate: "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute." *Lebron*, 970 A.2d at 406 (quoting *Ferreira v. Rancocas Orthopedic Association*, 836 A.2d 779, 783 (N.J. 2003)).

Here, the Court finds that neither the March 2015 letter nor the December 2017 letter substantially complies with the TCA notice requirement. As explained above, *supra* IIIA, both writings fall far beneath the statutory requirement. The March 2015 letter was written by a third-party, not acting on behalf of Plaintiff, and it fails to identify the Plaintiff. This letter is also missing any reference to Jane Doe 3's claim or injury. In addition, the December 2017 letter should be precluded from an inquiry into substantial compliance since it is not timely under 59:8–8. *See also D.D.*, 61 A.3d at 923 (explaining that the Court's application of the doctrine of

substantial compliance has been limited carefully to those situations in which notice is both timely and in writing). Even still, the December 2017 letter appears attenuated from the March 2015 letter and similarly lacks even the barest of relevant information. *See Macklin v. County of Camden*, No. 15-7641, 2016 WL 3545520, at *3 (D.N.J. June 28, 2016) (finding no substantial compliance because the document did not "give a sufficiently detailed account of the 'who, what, when, and where' of the incident upon which [the Plaintiff's TCA] claim is based").

This Court further rejects the argument that Plaintiff substantially complied in oral discussions with Defendants. As the New Jersey Appellate Division has recently stated, "[o]ral notice, even where it contains the elements required by N.J.S.A. 59:8–4, does not constitute substantial compliance." *Velez*, 850 A.2d at 238; *accord Anske v. Borough of Palisades Park*, 354 A.2d 87, 90 (N.J. Super. Ct. App. Div. 1976) ("We consider a writing to be essential under the statute.").

Finally, while the Court does not need to consider other factors since Plaintiff failed to produce a timely writing, Plaintiff's reasoning for not complying is patently unreasonable.

Plaintiff's counsel admits that he ignored the statutory requirement because Defendants had "most, if not all, of the required information as of March 2015, when Plaintiff, 'Student #1', informed GCIT of its teachers [sic] disturbing conduct that led to his arrest." Pl.'s Opp. Br. 7. Plaintiff highlights the general atmosphere underpinning the misconduct of Mayr: GCIT ran an investigation, multiple victims came forward, and the misconduct garnered mass publicity. Pl. Br. 8. Plaintiff believed that "any 'form' notice would be *superfluous*." Pl.'s Reply at 1 (emphasis added). Plaintiff therefore chose not to comply with the rule.

Plaintiff counsel's explanation for his failure makes little sense to the Court. In one breath he suggests GCIT must have known of Jane Doe 3's claim because of the general publicity surrounding Mayr's conduct. In the next breath, he inexplicably admits that he submitted proper notices for both Jane Doe 1 and Jane Doe 2. The Court is perplexed as to why he believed notice here to be "superfluous" but filed notices there. *See also Baldeo v. City of Paterson*, No. 18-5359, 2019 WL 277600, at *8 (D.N.J. Jan. 18, 2019) (explaining counsel "presumably was aware of the notice requirement, having previously filed notices of claim on various occasions," including this lawsuit). The argument, even viewed most favorably to Plaintiff, does little to show substantial compliance. The Court therefore finds that Plaintiff has not substantially complied with the TCA notice requirement.

### C. Whether Defendants are equitably estopped from claiming inadequate notice

The Court next considers whether Defendants are equitably estopped from asserting a TCA notice defense. Plaintiff argues that GCIT had not properly raised the issue of non-compliance with the TCA's notice provisions, and its delay in bringing the present motion should preclude it. Defendants, however, argue that an estoppel argument is misplaced since it affirmatively raised TCA notice defenses in the Answer.

Equitable estoppel "is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law." *Dambro v. Union County Park Commission*, 327 A.2d 466, 470 (N.J. Super. Ct. Law Div. 1974). The doctrine is "rarely invoked against a governmental entity . . . . Nonetheless, equitable considerations are relevant to assessing governmental conduct, and may be invoked to prevent manifest injustice." *County of Morris v. Fauver*, 707 A.2d 958, 969 (N.J. 1998) (quoting *O'Malley v. Department of Energy*, 537 A.2d 647, 650–51 (N.J. 1987)). In rare cases, courts

have invoked equitable estoppel to relax the requirements of the TCA when the defendant has misled the plaintiff about a material issue. *See*, *e.g.*, *Hill v. Board of Education of the Township of Middletown*, 443 A.2d 225, 228 (N.J. Super. Ct. App. Div. 1982). Courts that have applied equitable estoppel principles to dismiss a claim based on failure to file a notice of claim have analyzed a few factors, including: whether a defendant has ever asserted the defense prior to the motion, the amount of time that a defendant waited to file the motion, and whether a defendant has engaged in discovery and depositions such that a court could reasonably conclude that the notice-of-claim-defense has been waived. *See Marley v. Borough of Palmyra*, 473 A.2d 554, 569 (N.J. Super. Ct. Law Div. 1983).

First, Defendants correctly argue that Plaintiff's claim for equitable estoppel is weakened by the undisputed fact that Defendants affirmatively pled TCA notice deficiencies in the Answer. Plaintiff counters this point and states that Defendants purposely "bur[ied] the notice issue as a vague Affirmative Defense No. 27 on page eleven (11) of the Answer, without any further action . . ." Pl. Opp. Br. at 16. GCIT "was [therefore] required to immediately advise Plaintiff of any deficiencies or be estopped from claiming lack of notice." Pl. Opp. Br. 13.

Plaintiff's argument is both incorrect and seemingly absurd. Most obviously, the defense is clear and properly asserted. Unlike the TCA defense asserted in *Hill*, which claimed a general defense under the Act, the Defendants here cited specific provisions within the New Jersey Tort Claims Act. *Hill*, 443 A.2d at 228. Defendants asserted TCA defenses in at least four paragraphs of the Answer. Most damaging to Plaintiff's argument, Affirmative Defense 27 states,

> Plaintiff has failed to satisfy the requirements of NJSA 59: 8–8, relative to
> providing Defendants with proper notice under the New Jersey Tort Claims Act,

and as to not pursuing suit for the specified time after providing such notice, and, as such, are not permitted to pursue suit for damages under that Act at present, and, therefore, are subject to potential dismissal of the suit upon further motion relative to continued failure to provide notice as referenced above.

Doc. No. 8. This paragraph clearly indicates that Plaintiff has not complied with TCA notice requirements, and the Court finds that it comports with New Jersey's pleading standards. *See* R. 4:5–4 (2019) (stating a responsive pleading "shall set forth specifically and separately a statement of facts constituting an . . . . affirmative defense"). Relatedly, Plaintiff's argument that the defense is waived because it appeared on page eleven of the pleadings is meritless. Frankly, trained lawyers have a duty to carefully read the pleadings. *See* Fed. R. Civ. P. 11. And to offer an even more frank analogy, Plaintiff should not consider any findings on this later page of the Opinion to be more or less valid than those made earlier.

Plaintiff then argues that Defendants waived these defenses through future discussions. Specifically, Plaintiff argues that its pre-suit negotiations with Defendants as well as the ongoing Rule 26 disclosures preclude Defendants from relying on its earlier TCA defense. In addition, Plaintiff appears to suggest that Defendants should have *again* asserted a notice challenge.

Plaintiff's waiver argument is unconvincing. Most obviously, Plaintiff does not reconcile the fact that Defendants raised TCA notice deficiencies in the Answer. For example, while Plaintiff does cite older cases like *Anske* and *Hill*, Plaintiff has not produced a single case where a New Jersey court applied equitable estoppel when a defendant properly raised the deficiency in the answer. Further, the New Jersey Appellate Division recently pushed back on a similar

plaintiff who attempted to parrot general waiver arguments in *Barbieri v. Mayer.* There, the Court explained,

> The counter-examples cited by plaintiff of *Anske v. Borough of Palisades Park*, 139 N.J. Super. 342, 354 A.2d 87 (App. Div. 1976), and *Hill v. Middletown Bd. of Educ.,* 183 N.J. Super. 36, 443 A.2d 225 (App. Div.), *certif. denied*, 91 N.J. 233, 450 A.2d 556 (1982), in which equitable estoppel was applied to excuse late tort claims notices, are not dispositive. Those cases preceded the 1994 statutory amendment that tightened the TCA's notice requirements and curtailed the exception in N.J.S.A. 59:8–9. If anything, the [New Jersey] Supreme Court's more recent opinions . . . signals a strong judicial reluctance to bypass the statute's notice requirements.

*Barbieri*, 2015 WL 9263849, at *3 (citations omitted).

Finally, Plaintiff argues that Defendants' procedural "gamesmanship" warrants estoppel. Plaintiff argues that Defendants purposefully ignored these challenges eleven months earlier in their motion to dismiss. Thus, Plaintiff argues that Defendants induced reliance simply because Defendants *could have* filed this challenge much sooner.

Plaintiff's "when to file" argument is exceptionally weak. Again, even if Plaintiff could prove the delay was purposeful, New Jersey courts have found that proper filings, even though delayed, are not *per se* grounds for equitable estoppel. *See id.* at *4 ("Although we disapprove of the lackadaisical manner in which the defense in this case held off on filing its meritorious dispositive motion, we are unpersuaded that the Supreme Court or the Legislature would want the statute's mandatory notice provisions brushed aside in these circumstances."). *See also D.D.*,

61 A.3d at 922 (declining to "permit wide latitude to claimants and [their] counsel to circumvent the statute's clear commands"). Further, Defendants' decision to wait several months should not have misled or induced Plaintiff to think it waived any defense. In fact, at least one other New Jersey court permitted a defendant to file a motion for summary judgment two years after it asserted a TCA notice defense. *See Hardy v. Wright-Johnson*, No. A-2797-12T3, 2014 WL 1375562, at *1 (N.J. Super. Ct. App. Div. Apr. 9, 2014) (rejecting Plaintiff's estoppel argument where Defendant moved to dismiss two years after asserting as TCA notice defense). As such, this Court will not restrict Defendants from asserting a defense simply because it could have filed it earlier.

### D. Whether Plaintiff is permitted to file a late Notice

The exception in N.J.S.A. 59:8–9 provides that a claimant "may, in the discretion of a judge . . . be permitted to file such notice at any time within one year after the accrual of [the] claim . . . ." *Id.* The statute further indicates that "permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting *extraordinary circumstances* for his failure to file notice of the claim within the period of time prescribed" by the statute. *Id.* (emphasis added). Thus, in order to file a late notice of a claim, Plaintiff must demonstrate "(1) extraordinary circumstances for the failure to file a notice of claim within the ninety-day period . . . and (2) proof that 'the public entity . . . has not been substantially prejudiced' by the late proposed notice of claim." *Blank v. City of Elizabeth*, 723 A.2d 75, 82 (N.J. Super. Ct. App. Div. 1999) (quoting *Allen v. Krause*, 703 A.2d 993, 996 (N.J. Super. Ct. App. Div. 1997)).

Here, Plaintiff does not make a necessary showing of "extraordinary circumstances." First, Plaintiff appears to conflate "extraordinary circumstances" for failing to file with the

general seriousness surrounding the claim at issue. This Court too is shocked and saddened by instances of misconduct, especially where, as here, the vile acts were inflicted upon a child. But, as the New Jersey Supreme Court explained in *D.D.*, it is improper to "permit sympathy for a particular plaintiff to obscure the statutory standard [for a timely notice of claim] to the point of obliterating it." 61 A.3d at 922. This is because "[t]he Legislature has commanded that [such] relief be granted only in circumstances that are extraordinary." *Id*.

Plaintiff next argues that Defendants had "extensive knowledge of the facts" and also engaged in "coy and dilatory response[s] to negotiations, pleadings, and discovery." Pl. Opp. Br. at 19. Counsel pontificates on these allegations before admitting that he *decided* not to file a notice because he believed it was superfluous.

Plaintiff's argument fails because it impermissibly conflates counsel's subjective beliefs with the extraordinary circumstances standard. Plaintiff's mistaken understanding of the rule is irrelevant. Furthermore, courts, in the rare instances permitting late filings, have focused largely on the objective difficulty that precluded a plaintiff from filing timely. *See, e.g.*, *Lowe v. Zarghami*, 731 A.2d 14, 17, 26 (N.J. 1999) (excusing Plaintiff's filing the notice on the wrong entity because the Defendant doctor's "status as a public employee was obscured by his apparent status as a private physician."); *Feinberg v. State Department of Environmental Protection*, 644 A.2d 593, 597 (N.J. 1994) (where the original public entity defendants actively thwarted plaintiff's efforts to ascertain the identity of the public entities responsible); *Maher v. County of Mercer*, 894 A.2d 100, 104 (N.J. Super Ct. App. Div. 2006) (where plaintiff was in an induced coma during the ninety day period and was not even expected to survive). Plaintiff simply does not show any overt challenges that thwarted the proper filing of a notice.

Finally, the Court finds Plaintiff's argument especially unconvincing given counsel's intimate familiarity with the TCA. Defendants, in answering the Complaint, asserted affirmative defenses that Plaintiff failed to provide TCA notice. Even if the defense appeared "buried" on page eleven, Pl. Opp. Br. at 4, counsel should have read the answer and attempted to cure the deficiencies. Moreover, Plaintiff had all the necessary information available and knew how to file a TCA notice since he had with Jane Doe 1 and Jane Doe 2. Counsel's decision to ignore the rule is far from an "extraordinary circumstance." As the Court explained in *D.D.*, neither "an attorney's inattention, [n]or even an attorney's malpractice, constitutes an extraordinary circumstance sufficient" to permit filing a notice of claim outside of the one-year window of N.J.S.A. 59:8–9, even if there is a lack of prejudice to the plaintiff. 61 A.3d at 921; *see also Beauchamp*, 751 A.2d at 1050-51 (explaining the more stringent standards for timely claim notices following the TCA's amendment in 1994). The Court therefore rejects Plaintiff's request to file a late notice.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to for partial summary judgment against Count Four (Doc. No. 37) is **GRANTED**. Further, Plaintiff's motion to file a late notice of claim under the TCA (Doc. No. 42) is **DENIED**. An Order will follow.


Dated: 5/21/2019                                                    s/ Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                               United States District Judge